# United States Court of Appeals for the Fifth Circuit

No. 22-20209
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Julio Gonzalez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-454-1

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Julio Gonzalez pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine and possession of a firearm after felony conviction. He was sentenced within the applicable guidelines range to 100 months of imprisonment. On appeal, he contends that the district court

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20209

erred in holding him accountable for 3.5 to 5 kilograms of cocaine for sentencing purposes. *See* U.S.S.G. § 2D1.1(c). To this end, he argues that the record demonstrates that he only intended to purchase three kilograms of cocaine and that any transaction concerning an additional kilogram of cocaine was not relevant conduct. He also contends that the district court erred in declining to apply a two-level minor participant adjustment under U.S.S.G. § 3B1.2(b). We review both issues for clear error. *See United States v. Anchundia-Espinoza*, 897 F.3d 629, 632 (5th Cir. 2018); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

As for the drug quantity finding, according to the factual basis supporting Gonzalez's plea and the presentence report, Gonzalez's codefendant Jose Lopez-Rodriguez and a confidential source (CS) planned a meeting for a transaction involving four kilograms of cocaine at an agreed price of $27,000 per kilogram. Rodriguez-Lopez contacted Gonzalez and another codefendant, Eric Pena-Briones, about the opportunity. Gonzalez and Pena-Briones arrived together at the location of the planned transaction and met with Rodriguez-Lopez and the CS. During the meeting, Gonzalez opened his backpack and displayed a large amount of money, which agents later determined to be $89,860; the CS deemed that amount sufficient to complete the transaction and contacted an undercover agent. The agent arrived and handed an open box containing four kilograms of sham cocaine to Pena-Briones, who then placed all four kilograms in Lopez-Rodriguez's vehicle. After his arrest, Gonzalez admitted to law enforcement that another individual provided him with funds to buy three kilograms of cocaine and that the plan was for Gonzalez to buy three kilograms and for Pena-Briones to buy one kilogram. Given these facts, it was plausible in light of the record as a whole for the district court to find that the purchase of the fourth kilogram of cocaine was reasonably foreseeable to Gonzalez and within the scope of the jointly undertaken criminal activity. *See* U.S.S.G. § 1B1.3(a)(1)(B); *United*

2

No. 22-20209

*States v. Johnson*, 14 F.4th 342, 347, 349-51 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 928 (2022); *Betancourt*, 422 F.3d at 246.

In addition, the record refutes Gonzalez's contention that he played a peripheral role in the criminal activity. After learning of the opportunity to purchase kilogram quantities of cocaine, Gonzalez took the initiative to contact another individual who provided him funds. He then brought cash to buy at least three of the four kilograms of cocaine involved in the transaction. Moreover, Gonzalez anticipated receiving $3,000 (or $1,000 per kilogram), and he admitted that, if the transaction was successful, he planned to buy 10 more kilograms of cocaine. The district court's finding that Gonzalez was not a minor participant was plausible in light of the record as a whole. *See Anchundia-Espinoza*, 897 F.3d at 634-35; § 3B1.2, comment. (nn.3(C) & 5).

AFFIRMED.